IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW C. WAHL,

                Plaintiff,

v.

MICHAEL J. ZANTELLO, et al.,

                Defendants.

Case No. 25-4004-DDC-RES

**MEMORANDUM AND ORDER**

Pro se[1] plaintiff Andrew C. Wahl sued four Army officers in Geary County, Kansas District Court. Plaintiff's Petition asserts that defendants unlawfully entered a military protective order restraining plaintiff from contacting his children and former spouse. Defendants removed the case to our court on January 21, 2025. Doc. 1. They then filed a Motion to Dismiss (Doc. 6), invoking Rule 12(b)(1) and arguing that sovereign immunity and the *Feres* doctrine prevent the court from exercising jurisdiction. Plaintiff didn't respond to defendants' motion and the time to do so has passed. This Order grants defendants' Motion to Dismiss (Doc. 6).[2]

---

[1]     Plaintiff proceeds pro se. The court construes his filings liberally and "hold[s] them to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

[2]     The court recently ordered plaintiff to show cause why the court shouldn't dismiss this case for failure to prosecute. Doc. 14. Although plaintiff hasn't responded to that Order, he has submitted a Motion for Extension of Time (Doc. 15), and a Request for Continuance (Doc. 16), both asking for a "90 day continuance." Because plaintiff has now filed something on the docket, the court won't dismiss this case for failure to prosecute. Instead, the court addresses the substance of defendants' Motion to Dismiss (Doc. 6).

I.      **Background**[3]

Defendant Captain Michael J. Zantello imposed a no-contact order against plaintiff, barring him from contacting his former spouse and children. Doc. 1-1 at 2 (Pet.). According to plaintiff, this military order conflicted with an order entered by a Wyandotte County, Kansas District Court Judge. *Id.* Defendant Captain Anne M. Gabrielsen issued a memorandum retaining the order Captain Zantello had entered. *Id.* Then, defendant Colonel Landgrave T. Smith denied plaintiff's request for redress. *Id.* He orally ordered plaintiff to refrain from contacting his son until plaintiff initiated civil custody proceedings. *Id.* Plaintiff contends that these proceedings violated his constitutionally protected parental rights. *Id.* Specifically, he asserts that the military order interfered with his "right to a fair and equal hearing" in a state-court case. *Id.* at 3. He also alleges that the military has a "120 day rule for due process" and that the military has violated that rule. *Id.*[4]

Construed liberally, plaintiff asserts claims arising under the Sixth and Fourteenth Amendments of the United States Constitution and under an unspecified provision of the Kansas Constitution. *See id.* at 1 (citing the Sixth and Fourteenth Amendments); *id.* at 2 (suggesting that the military order violates plaintiff's "parental rights that are constitutionally protected at both the state and federal level"). He seeks injunctive and monetary relief. *Id.* at 3. The court construes plaintiff's Petition to assert claims against the four defendants in both their individual and official capacities. *See Smith v. United States*, 561 F.3d 1090, 1093 n.2 (10th Cir. 2009)

---

[3]     The court "accepts the allegations in the complaint as true" for the purposes of this motion. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (instructing district courts to "accept the allegations in the complaint as true" when defendants make "a facial attack" on the court's subject matter jurisdiction), *abrogated on other grounds by Cent. Green. Co. v. United States*, 531 U.S. 425 (2001).

[4]     The Petition's caption lists a fourth defendant, Lieutenant Colonel Rolland H. Johnson. Doc. 1-1 at 1 (Pet.). But plaintiff hasn't alleged any facts involving this defendant.

("Because it is unclear whether the Attorney General of the United States is sued in his official or individual capacity, we construe Smith's complaint liberally to assert both an official-capacity and individual-capacity claim against the Attorney General of the United States.").

## II.     Legal Standard

Under Rule 12(b)(1), a defendant may move the court to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction bears the burden to demonstrate it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (presuming "no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").[5]

## III.    Analysis

As an initial issue, plaintiff failed to respond to defendants' motion and the time do so passed over six months ago. *See* Doc. 6 (motion filed on January 28, 2025); D. Kan. Rule

---

[5]    Although defendants removed the case to federal court—thus invoking federal jurisdiction—the burden of proving jurisdiction by waiver of sovereign immunity remains with plaintiff. "The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); *see also Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992) (placing burden on plaintiff "to find and prove an explicit waiver of sovereign immunity" (quotation cleaned up)).

Courts are split on who bears the burden when defendants assert *Feres* immunity. *Compare Kelly v. Pan. Canal Comm'n*, 26 F.3d 597, 600 (5th Cir. 1994) ("The government bears the burden of proving that Captain Kelly's death arose out of an 'activity incident to service.'"), *with Willis v. Roche*, 256 F. App'x 534, 535 (3d Cir. 2007) ("[Plaintiff] bears the burden to show that his claims are not barred by the *Feres* doctrine."). Even if defendants bear the burden, as explained below, they have carried that burden.

3

6.1(d)(1) ("Responses to [dispositive] motions must be filed within 21 days after the motion is served."). Our local rules thus permit the court to treat the motion as uncontested. D. Kan. Rule 7.1(c). Still, our Circuit has suggested that courts should review the substance of dispositive motions and not grant them "merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (applying this rule to a 12(b)(6) motion); *see also Hernandez v. United States*, No. CV 21-0738 JHR/KK, 2022 WL 376318, at *1 & n.1 (D.N.M. Feb. 8, 2022) (applying this rule to a 12(b)(1) motion). To that end, the court assesses the merits of defendants' motion. But while doing so, the court doesn't assume the role of plaintiff's advocate, *Hall*, 935 F.2d at 1110, or attempt to "conjure" theories of jurisdiction where plaintiff has failed to present them, *Bork v. Carroll*, 449 F. App'x 719, 721 (10th Cir. 2011).

Defendants' motion argues that the court lacks jurisdiction to entertain this suit. They assert two bases for this conclusion—sovereign immunity and the *Feres* doctrine. The court agrees on both fronts. Sovereign immunity bars plaintiff's claims against defendants in their official capacities. And the *Feres* doctrine bars plaintiff's individual-capacity claims. These defenses strip the court of jurisdiction and thus require dismissal. Take them in turn.

A.  **Sovereign Immunity in Official-Capacity Suits**

"It is well settled that the United States, and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989); *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity."). Sovereign immunity bars suits irrespective of the relief sought. *See Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (equitable relief); *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989) (money damages). Courts permit suits "against the government only when a statute unmistakably allows it." *Dep't of Agric. Rural Dev.*

*Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) (quotation cleaned up). Plaintiff bears the burden "to find and prove an explicit waiver of sovereign immunity." *Fostvedt*, 978 F.2d at 1203 (quotation cleaned up); *Bork*, 449 F. App'x at 721.

Plaintiff hasn't provided the requisite waiver of sovereign immunity. Plaintiff "wholly failed to identify any waiver of sovereign immunity that would permit" his constitutional "claims to proceed against the United States." *Harrison v. United States*, 329 F. App'x 179, 181 (10th Cir. 2009). The court declines to consider possible exceptions to sovereign immunity that might apply in this case. "It is, after all, the job of the courts only to pass on the theories asserting jurisdiction the litigants advance, not to conjure other possibilities besides." *Bork*, 449 F. App'x at 721–22; *see also Raley v. Hyundai Motor Co., Ltd.*, 642 F.3d 1271, 1275 (10th Cir. 2011) ("Where an appellant fails to lead, we have no duty to follow. It is the appellant's burden, not ours, to conjure up possible theories to invoke our legal authority to hear her appeal."); *Patrick G. by & through Stephanie G. v. Harrison Sch. Dist. No. 2*, 40 F.4th 1186, 1215 (10th Cir. 2022) ("At the end of the day, the [plaintiffs] must convince us that jurisdiction is present, and we will not make arguments in this respect for them."); *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1323 (10th Cir. 2022) (explaining that "federal courts have the discretion to decline to consider arguments that might have supported jurisdiction" (quotation cleaned up)). Declining to consider possible jurisdiction arguments that a litigant has failed to raise is especially reasonable where, as here, those arguments involve "complex question[s]." *Raley*, 642 F.3d at 1275. Plaintiff hasn't explained any reason that sovereign immunity doesn't apply here, and the court declines to think for him as his advocate.

Absent a waiver, sovereign immunity bars plaintiff's official-capacity claims. Our Circuit's unpublished decisions confirm this result. In three such cases, the Tenth Circuit has

affirmed dismissals in similar circumstances to those here—where a member of the military asserts constitutional claims without presenting any persuasive reason why sovereign immunity doesn't apply. *Harrison*, 329 F. App'x at 181 ("As to [plaintiff's] constitutional claims, he wholly failed to identify any waiver of sovereign immunity that would permit those claims to proceed against the United States."); *Bork*, 449 F. App'x at 721 ("[T]he sovereign immunity waiver arguments [plaintiff] has tried fail to carry the day."); *Heffington v. Dep't of Def.*, 248 F. App'x 952, 953 (10th Cir. 2007) (affirming dismissal of veteran's daughter's claims because "any claims against the United States for constitutional violations must be dismissed because the United States had not waived its sovereign immunity for constitutional torts"). The court concludes that sovereign immunity strips the court of subject matter jurisdiction to adjudicate plaintiff's official-capacity claims. The court thus dismisses those claims.

But this conclusion still leaves plaintiff's claims against the defendants in their individual capacities. That's because where a plaintiff "seeks money damages from the officer 'in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself,' sovereign immunity does not bar the suit 'so long as the relief is sought not from the sovereign's treasury but from the officer personally.'" *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1297 (10th Cir. 2008) (quotation cleaned up) (quoting *Alden v. Maine*, 527 U.S. 706, 757 (1999)). So the court's sovereign-immunity dismissal doesn't reach the court's power to adjudicate plaintiff's individual-capacity claims. The court thus considers defendants' jurisdiction arguments based on the *Feres* doctrine, next.

      **B.**    ***Feres* Doctrine in Individual-Capacity Suits**

Intramilitary immunity—also called *Feres* immunity—bars suits against the United States government and superior military officers "for injuries sustained while on active duty status." *Walden v. Bartlett*, 840 F.2d 771, 773 (10th Cir. 1988). Where this immunity applies, it

deprives the court of subject matter jurisdiction. *E.g.*, *Maddick v. United States*, 978 F.2d 614, 615 (10th Cir. 1992) (explaining that where "the *Feres* doctrine applies, . . . the federal judiciary is without subject matter jurisdiction"); *Walden*, 840 F.2d at 773 ("The *Feres* rationales . . . require abstention in a damage action arising from the Constitution if the *Feres* 'incident to serve' test is met."); *see also Ricks v. Nickels*, 295 F.3d 1124, 1127 (10th Cir. 2002) (dismissals under the *Feres* doctrine are under 12(b)(1)).

In *Feres*, the Supreme Court "held that the federal government is not liable under the [Federal Tort Claims Act] 'for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.'" *Newton v. Lee*, 677 F.3d 1017, 1024 (10th Cir. 2012) (emphasis omitted) (quoting *Feres v. United States*, 340 U.S. 135, 146 (1950)). "Courts have since extended *Feres*'s 'incident to service' test to bar a range of damages actions against military and civilian officials." *Id.* The doctrine may apply to any suits against the government and military officers, including ones asserted against military officers in their individual capacity. *See Roberts v. Callahan*, 30 F. App'x 772, 773 (10th Cir. 2002) (affirming district court's dismissal on 12(b)(1) grounds under the *Feres* doctrine for claim asserted against military officer in his individual capacity); *see also Walden*, 840 F.2d at 772–73 (affirming dismissal on *Feres* grounds for action for money damages against "individual military officers"); *Maddick*, 978 F.2d at 615–16 (same).

*Feres*'s "incident to service" test is a broad one. Our Circuit has explained that "the Supreme court has broadened *Feres*, to the point where it now encompasses, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military." *Newton*, 677 F.3d at 1027 (quotation cleaned up); *see also Pringle v. United States*, 208 F.3d 1220, 1224 (10th Cir. 2000) ("Practically any suit that implicates the

7

military's judgments and decisions runs the risk of colliding with *Feres*." (quotation cleaned up)).

Here, this sweeping umbrella easily covers plaintiff's claims. Plaintiff asserts claims related to his status as an active duty member of the military. And his claims relate to a military proceeding. Such claims far exceed the extremely low bar needed to invoke *Feres*. Plaintiff's military status isn't just "remotely related" to his claims—it's central to them. *Newton*, 677 F.3d at 1027. Plus, judicial intervention in plaintiff's claims would implicate two of the primary purposes of the *Feres* doctrine: "(1) the general policy to limit litigation that could undermine the unique hierarchical and disciplinary structure of the military; and (2) separation of powers concerns that the judiciary should not delve into the internal affairs of the military." *Ricks*, 295 F.3d at 1129. In sum, there's simply no room to question that plaintiff's claims—ones based on orders issued by his military superiors—are "incident to his military service." *Newton*, 677 F.3d at 1027 (quotation cleaned up) ("The paramount inquiry is whether the alleged constitutional violations are incident to the plaintiff's military service." (quotation cleaned up)). The court thus concludes that the *Feres* doctrine bars plaintiff's individual-capacity claims.[6]

---

[6] As defendants acknowledge, the *Feres* doctrine doesn't apply to claims for equitable relief. Doc. 7 at 6 (citing *Walden*, 840 F.2d at 775). But this limitation doesn't mean much here because plaintiff hasn't asserted any individual-capacity claims seeking equitable relief. That's so because any injunction restraining the military protective order "would operate against the" military, not the individual officers. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Wyoming*, 279 F.3d at 1225 ("Federal courts generally deem a suit for specific relief, *e.g.,* injunctive or declaratory relief, against a named officer of the United States to be a suit against the sovereign."); *see also Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) (instructing courts to "look to the substance of the pleadings . . . to determine whether the suit is for individual or official liability" and concluding that suit seeking injunctive relief against court clerk was official-capacity suit). Plaintiff's claims for injunctive relief thus are claims against the United States military and barred by sovereign immunity, as the court already has discussed. *See above* § III.A.

So, the court dismisses plaintiff's individual-capacity claims. The *Feres* doctrine bars them and prevents the court from exercising jurisdiction over such claims.[7]

IV.     **Plaintiff's Motion for Extension of Time (Doc. 15)**

Plaintiff filed a Motion for Extension of Time (Doc. 15) and a request for Continuance (Doc. 16). Both filings ask for a "90-day continuance." Doc. 15 at 1; Doc. 16 at 1. Plaintiff reports he wants "to review documents and prepare a response." Doc. 15 at 1. The first motion asserts that plaintiff "has not been served court documents" and just learned of defendants' Motion to Dismiss on September 11, 2025. *Id.* So does the second filing. Doc. 16 at 1. The court denies these late-breaking requests. Our court's rules require litigants seeking an extension of time to seek leave at least three days before a filing is due. D. Kan. Rule 6.1(a). Plaintiff's requests—submitted more than six months after his response was due—arrived far too late for the court to consider.

Nor is the court persuaded by plaintiff's assertion that he wasn't served properly. Defendants certified that they served their Motion to Dismiss by mailing it to plaintiff's

---

[7] This Order's result might appear peculiar at first glance. After all, defendants removed plaintiff's state-court action to this court only to turn around and assert that this court lacks jurisdiction. And then the court agrees with defendants. Their removal was proper, and the court lacks jurisdiction and must dismiss. That's so because defendants' proper removal under the federal officer removal statute, 28 U.S.C. § 1442, conferred only "limited jurisdiction" on the court. *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). Even so, sovereign immunity and the *Feres* doctrine prevent the court from adjudicating this dispute, so the court must dismiss it. *See id.* (explaining that the "doctrine of sovereign immunity" prevented federal court "from exercising jurisdiction" even after proper removal). And because sovereign immunity and the *Feres* doctrine would apply equally in state court, it's proper for the court to dismiss—rather than remand—plaintiff's claims. *See Cromar v. United States*, 816 F. App'x 235, 239 (10th Cir. 2020) (rejecting argument that district court must remand—instead of dismiss— claims because the "United States need not prove its entitled to sovereign immunity twice"); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000) ("[T]he United States properly removed this action on the basis of a valid assertion of its sovereign immunity. We therefore affirm the district court's denial of plaintiffs' initial motion to remand and its subsequent dismissal of the United States from the suit."); *Morris v. Thompson*, 852 F.3d 416, 419, 422 (5th Cir. 2017) (affirming dismissal on *Feres* grounds after removal from state court).

address—the one listed on the docket. Doc. 6 at 2; *see also* Fed. R. Civ. P. 5(b)(2)(C) (authorizing service of a paper by "mailing it to the person's last known address").[8] The court also entered a Case Management Order on January 31, 2025, and mailed a copy of that Order to plaintiff. Doc. 14. Our local rules require pro se litigants to "notify the clerk of any change of address[.]" D. Kan. Rule 5.1(b)(3). So, if plaintiff's address ever changed, it was his duty to inform the Clerk of that change in a timely fashion. He never suggested any change in address.

The court thus denies plaintiff's Motion for Extension of Time (Doc. 15) and Request for Continuance (Doc. 16).

V.      **Conclusion**

Based on sovereign immunity and the *Feres* doctrine, the court lacks subject matter jurisdiction to adjudicate this case. The court dismisses all of plaintiff's claims without prejudice.[9] Because no claims remain, the court directs the Clerk of the Court to close this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 6) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff Andrew C. Wahl's Motion for Extension of Time (Doc. 15) and Request for Continuance (Doc. 16) are denied.

**IT IS SO ORDERED.**

---

[8]     Defendants also certified that they served plaintiff a copy of the Notice of Removal by mail in both state court and this court. Doc. 1 at 3; *Wahl v. Zantello*, No. GE-2024-CV-000180, Doc. 10 at 2 (Geary Cnty. Dist. Ct. Jan. 21, 2025). The address used in those mailings—the same one listed on this case's docket—also matches the address plaintiff provided in his Petition. *See* Doc. 1-1 at 4 (Pet.).

[9]     "A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

Dated this 16th day of September 2025, at Kansas City, Kansas.

                                                          s/ Daniel D. Crabtree
                                                          Daniel D. Crabtree
                                                          United States District Judge